GEORGE C. BEIDLEMAN, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 11668.   Promulgated July 30, 1927.

1. Petitioner failed to furnish sufficient evidence to support his right to the deductions claimed for bad debts and business expenses.

2. The petitioner acquired real estate, the title to which subsequently proved defective. *Held*, that no deductible loss is sustained until there has been a sale or other disposition.

*George C. Beidleman, Esq.*, pro se.
*Dwight H. Green, Esq.*, for the respondent.

In this proceeding the petitioner seeks a redetermination of his income taxes for the years 1920 and 1921, for which years the Commissioner determined deficiencies in the amounts of $46.53 and $170.85, respectively.

The petitioner alleges that the Commissioner erred in not allowing him the following deductions: Taxes assessed but not paid, bad debts, and certain expenses which he alleges were incurred as ordinary and necessary expenses in carrying on his business. The Commissioner in his amended answer alleges that an error was made in allowing a deduction in the amount of $1,575 as loss in connection with a real estate transaction in the year 1920, and seeks to have the deficiency increased.

FINDINGS OF FACT.

The petitioner is an individual residing at Okmulgee, Okla., where he is engaged in the practice of law and farming. His accounts are kept on the cash receipts and disbursements basis. In the years 1920 and 1921, he claimed deductions of $447.59 and $280.70, respectively, for state and county taxes assessed but not paid. For the year 1920, $350 was claimed as a deduction for a bad debt, and $551.07 was claimed as a deduction on account of expenses incurred in perfecting title to land owned by the petitioner. A deduction in the amount of $1,447.99 was claimed on account of expenses incurred in connection with the conduct of the petitioner's law business. He also claimed as a deduction $178.07 alleged to have been expended in law suits which were being prosecuted on a contingent-fee basis.

In 1919 the petitioner purchased what he thought was fee simple title to 80 acres of land for $1,975. In 1920, as a result of an action to quiet title to the land in question, it was decreed that he was the owner of only an undivided one-seventh interest therein. In computing petitioner's net income for the year 1920, the Commissioner allowed a deduction of $1,575 as loss in the transaction, which sum represented six-sevenths of the purchase price.

The Commissioner disallowed the deductions claimed by the petitioner and asserted a deficiency for the year 1920 in the amount of $46.53 and for the year 1921 in the amount of $170.85. The amended answer filed by the Commissioner placed in issue the right to deduct an alleged loss sustained by the petitioner in a real estate transaction in 1920.

OPINION.

GREEN: Since the petitioner kept his accounts on a cash receipts and disbursements basis, taxes assessed but not paid are not deductible items. He has failed to offer any convincing proof as to any of the other deductions claimed, and accordingly the Commissioner's determination with reference thereto should be sustained.

The Commissioner in his amended answer has placed in issue the deductibility of $1,575 allowed as a loss in connection with a real estate transaction in 1920. The petitioner, in 1919, purchased certain interests in 80 acres of land at a cost of $1,975. Litigation in 1920 showed that in place of acquiring fee simple title to the property, he acquired only a one-seventh interest in the same. A deduction of six-sevenths of the cost was allowed in computing the net income for 1920. The one-seventh interest cost $1,975 and no gain or loss is sustained until the transaction is closed by sale or other disposition.

*Judgment will be entered on 15 days' notice, under Rule 50.*

Considered by STERNHAGEN and ARUNDELL. .