## COMMISSIONER OF INTERNAL REVENUE v. HAGERMAN.

### No. 6768.

Circuit Court of Appeals, Third Circuit.

Feb. 20, 1939.

---

James W. Morris, Asst. Atty. Gen., and Sewall Key and F. E. Youngman, Sp. Assts. to Atty. Gen., for petitioner.

Joseph M. Hartfield, of New York City (Russell D. Morrill, Francis L. Casey, and White & Case, all of New York City, of counsel), for respondent.

Before DAVIS, MARIS, and THOMPSON, Circuit Judges.

DAVIS, Circuit Judge.

Prior to 1933, the taxpayer, Stanley Hagerman, acquired certain shares of stock of the First National Bank of the City of New York, hereinafter referred to as the bank. The stock of the bank, pursuant to a prior agreement entered into by all of the stockholders, carried with it, as evidenced by an endorsement thereon, a ratable interest in the First Security Company, the "security affiliate" of the bank. Due to certain provisions in the "Banking Act of 1933", 48 Stat. 162, the Security Company was dissolved and its assets were transferred to a trustee. The taxpayer, and other stockholders, presented their endorsed certificates to the bank and received in exchange therefor shares of stock of the bank without the endorsement, and also a corresponding number of "declarations of interest" in the assets of the Security Company. In December, 1933, the taxpayer sold his "declarations of interest" in the assets of the Security Company, for the sum of $216.75.

The question involved is whether or not the taxpayer was entitled to allocate the cost of the original endorsed certificates, between the bank stock and the interest in the Security Company, for the purpose of computing a gain or loss upon the sale of his "declarations of interest" in the assets of the Security Company.

The commissioner disallowed the deduction on the theory that it was impracticable to allocate separate values to the bank stock and the endorsement, and that the sales price received by the taxpayer for his "declarations of interest" in the Security Company "should be treated as a return of capital and applied against his original cost * * * in order to correctly determine his gain or loss upon final disposition of his shares of bank stock". On this ground, he determined a deficiency of $671.94 in the taxpayer's income tax for 1933, and the taxpayer, thereupon, filed a petition for review of such determination with the Board of Tax Appeals.

In disallowing the deduction, the commissioner relied chiefly upon the fact that, under the terms of the prior agreement, the endorsed stock could only be sold as a unit, and that, as a result of this, the endorsement of interest in the Security Company never possessed any determinable market value by itself. On these facts he argues that it is impracticable to allocate a separate value to the endorsement apart from the bank stock.

However, as the Board found, there are other elements of value than market value and in a comprehensive and able opinion discussed the elements of value here involved and upon the authorities cited held that it was practicable to allocate a separate value to the endorsement. Its opinion is found in 34 B.T.A. page

282

1158. Upon redetermination under Rule 50, it allowed the taxpayer a somewhat greater loss than he had originally claimed, and determined that he had overpaid his income taxes for 1933 by the sum of $141.28.

After careful study of the record and the law, we are convinced that the Board reached the correct conclusion under the facts as here presented. Rather than needlessly repeat all the evidentiary facts which entered into the redetermination, we affirm the order of the Board on its opinion.