## WISE v. COMMISSIONER OF INTERNAL REVENUE.

### No. 7185.

Circuit Court of Appeals, Third Circuit.

Jan. 29, 1940.

Joseph Walker, Horace N. Taylor, Winthrop G. Brown, and J. C. Wilberding, Jr., all of New York City, for petitioner.

Samuel O. Clark, Jr., Asst. Atty. Gen., and Sewall Key and Helen R. Carloss, Sp. Assts. to Atty. Gen., for respondent.

Elden McFarland, of Washington, D. C., for amicus curiæ.

Before MARIS, CLARK, and JONES, Circuit Judges.

PER CURIAM.

In this case the petitioner seeks to deduct as an income tax loss in 1933 the cost of his interest in certain shares of stock of the Continental Corporation which was dissolved without assets in that year. The Board of Tax Appeals, considering the cases of this petitioner and a number of other stockholders, decided that the petitioner's interest in these shares was never an independent investment but at all times merely a part of his investment in the stock of the Continental Bank & Trust Company of New York to which through a trust agreement and certificate endorsement they were indivisably annexed. De Coppet v. Commissioner of Internal Revenue, 38 B.T.A. 1381. In deCoppet v. Helvering, 108 F.2d 787, the Circuit Court of Appeals for the Second Circuit, in the case of one of the other stockholders, has recently affirmed the Board's decision. Upon the authority of that case the decision in this case will be affirmed.

Commissioner of Int. Rev. v. Hagerman 3 Cir., 102 F.2d 281, is, as the Board points out, distinguishable upon its facts. In that case the security company whose shares were annexed to the bank shares was dissolved, its assets transferred to trustees and certificates of beneficial interest in the assets delivered to the bank shareholders. These certificates were freely assignable without regard to the bank shares and the taxpayer did in fact later sell his certificates of interest, realizing the loss claimed, although retaining his shares of bank stock. It will thus be seen that prior to the sale which resulted in the loss there had been an actual complete division and separation of the investments. There was never any

such division or separation in the present case.

The decision of the Board of Tax Appeals is affirmed.