## DAVENPORT v. UNITED STATES.
### No. 69.

District Court, S. D. West Virginia.
Aug. 3, 1940.

Arthur Dayton, of Charleston, W. Va. (Blue, Dayton & Campbell, of Charleston, W. Va., on the brief), for plaintiff.

Lester Gibson, Sp. Asst. to the Atty. Gen., and Charles M. Love, Jr., Asst. U. S. Atty., of Charleston, W. Va. (L. R. Via, U. S. Atty., and John W. Hereford, Asst. U. S. Atty., both of Huntington, W. Va., on the brief), for defendant.

BARKSDALE, District Judge.

### Findings of Fact.

Upon defendant's motion to dismiss plaintiff's complaint upon the ground that the complaint fails to state a cause of action, the allegations of plaintiff's complaint must be taken as the facts of the case, and I so find. Briefly stated, these facts are:

That plaintiff, on November 29, 1926, purchased a ¹⁄₁₆ interest in an oil and gas royalty in Texas; thereafter, on May 1, 1928, he purchased another ¹⁄₁₆ interest in the same royalty. On June 21, 1928, the Permian Oil Company asserted an adverse claim of title to the land embraced by the lease and the oil produced therefrom. Litigation followed, which in June, 1934, resulted in an adjudication by the Court of last resort in Texas that the ownership of the leased real estate was in the Permian Oil Company. Pending a petition for rehearing of such adjudication, the taxpayer, on October 8, 1934, compromised with the Permian Oil Company by releasing and relinquishing to it one of his ¹⁄₁₆ shares, in return for the Permian Oil Company's release and relinquishment to him of all of its claim to his other ¹⁄₁₆ interest.

The taxpayer claimed that he had suffered the loss of the cost of one of his ¹⁄₁₆ interests, in the year 1934, which he should be allowed to deduct from his taxable income for that year. This claim was denied by the Commissioner of Internal Revenue, the tax was paid without the allowance of this deduction, and taxpayer instituted this suit.

### Conclusions of Law.

Upon the foregoing facts, as fully set out in plaintiff's complaint and briefly stated in my findings of fact, my conclusions of law are:

(1) That plaintiff's purchase on November 29, 1926, of a ¹⁄₁₆ interest in a Texas oil royalty, and his subsequent purchase on May 1, 1928, of another ¹⁄₁₆ interest in the same royalty, constituted separate and distinct transactions.

(2) That the compromise effected October 8, 1934, by the terms of which the plaintiff released and relinquished one of his ¹⁄₁₆ interests in order to obtain undisputed title to, and ownership of, the other ¹⁄₁₆ interest, constituted an identifiable event which fixed the time of plaintiff's loss.

(3) That when plaintiff relinquished one of his ¹⁄₁₆ interests in order to obtain undisputed title to, and possession of, the other ¹⁄₁₆ interest, he suffered a present loss as of that date of the amount properly allocable to the cost price of a ¹⁄₁₆ interest, which loss constituted a proper deduction from plaintiff's income for the tax year 1934.

(4) That the case of Beidleman v. Commissioner, 7 B.T.A. 899, is distinguishable from the case here presented in that, there, the taxpayer acquired whatever title he got by one single transaction, and, here, plaintiff acquired two separate fractional interests by two separate transactions separated in time by an interval of nearly a year and a half. Here, although the interests acquired by plaintiff were fractional parts of the same subject, they seem to me to be clearly susceptible of separate and individual consideration and quite analogous to the purchase of two shares, or two blocks of shares, in a corporate entity. Where a loss is sustained by a disposition of a clearly severable portion of a single property, and the proper proportion of the purchase price of the whole is clearly susceptible of allocation to the part disposed of, the loss resulting from the disposition of a part of the property may be taken by the taxpayer when the loss occurs, although he retains title to the remaining portion of the property. Dayton Co. v. Commissioner, 8 Cir., 90 F.2d 767; and Avery v. Commissioner, 11 B.T.A. 958. See, also, Commissioner v. Hagerman, 3 Cir., 102 F.2d 281.

Consequently, in brief, I conclude that the taxpayer sustained a loss of the cost price

of a ⅟₁₆ share of the oil royalty in the tax year 1934, for which he is entitled to a deduction from his taxable income for that year, and therefore defendant's motion to dismiss the complaint must be overruled. The defendant having declined to plead further, an order will be entered giving judgment against the defendant for the amount of plaintiff's overpayment of tax with interest from date of payment.