THOMAS J. AVERY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 27688.   Promulgated May 2, 1928.

*Edgar Watkins, Esq.,* for the petitioner.
*A. S. Lisenby, Esq.,* for the respondent.

960

OPINION.

TRAMMELL: The first question is the extent to which the petitioner received taxable income in 1922 from the sale of the property to which the petitioner and his associates acquired bond for title in 1917 and to which they acquired a deed in 1918. The petitioner contends that the purchase of the tract of land was one inseparable transaction and that the amount of income realized should be determined by considering the entire selling price, notwithstanding the fact that there

were three sales of the property. The petitioner also contends that the amount of taxes and interest should be added to the purchase price of the property. On the other hand, the respondent contends that the petitioner and his associates did not acquire the real estate which was sold in 1922 in 1917 when they received the bond for title, but, that they received it in 1918 when they received the deed to the property, and that the consideration of $20,600 recited in this deed was the actual consideration paid for the particular property which was sold in 1922.

It appears, however, from the evidence that the petitioner and his associates, when they received the bond for title, paid $7,000 in cash for the entire tract, assumed an indebtedness against the entire tract of $23,000 and gave their notes for $12,500, making the purchase price of the entire tract, $42,500. The assumption of the indebtedness and the cash amounted to $30,000, leaving only $12,500 to be paid in the future. The purchasers immediately went into possession of the property, had it surveyed, had the building extensively repaired and proceeded to sell the property, and during the same year sold two portions thereof. There is testimony to the effect that the notes which the petitioner gave, in the amount of $2,500 each, were paid as they became due.

We think, in view of all the facts in this case, that the petitioner and his associates acquired the property in one tract in 1917 when they received the bond for title. The fact that they did not acquire a deed is not determinative of the question when they became the owners of the property. Under such circumstances the petitioner and his associates became the actual owners of the property and their vendor merely held the legal title as security.

.The fact, however, that the property was acquired in 1917 in one tract, does not mean that the entire tract must be disposed of before a determination of gain or loss may be made on the portions thereof which have been sold or disposed of. Property may be acquired in one tract, divided and sold in several tracts, and, in our opinion, it is not necessary to wait until all of the tract is disposed of before gain or loss may be determined with respect to the subdivided tracts. The purchase price of the entire tract may be allocated to the portions or subdivided tracts which are sold and gain or loss determined.

The portion of the tract which was sold in 1922 was conveyed by deed to the petitioner and his associates in 1918, although included in the bond for title they received in 1917. The deed in 1918 recited a consideration of $20,600 and other valuable considerations. There was, however, no other consideration than that amount in the bond for title. The petitioner and his associates paid only $42,500 for the entire tract and, at the time of the execution of the deed by the

grantor to the petitioner and his associates, the unpaid purchase price represented by the notes which had not previously been paid was paid. The testimony is to the effect that the petitioner and his associates considered the $20,600 recited in that deed as being the correct consideration for that part of the property, notwithstanding the fact that a portion of that amount had already been paid. Revenue stamps were placed upon the deed based upon a consideration of $20,600. In our opinion, the amount of $20,600 recited as the consideration in this deed, represents a fair and reasonable allocation of the total purchase price of $42,500 to this particular portion of the land. The parties to the transaction apparently so considered it. This being true, the situation narrows itself down to this: The petitioner and his associates acquired the property for $20,600, which they sold in 1922 for $45,000. The profit would thus be $24,400 to be divided between the petitioner and his associates in equal proportions, making the amount of $8,133.33 the petitioner's portion of the amount. The three partners paid a commission of $2,250 on the sale of the property in 1922, and the respondent has allowed the petitioner a deduction of $750 representing his one-third thereof.

.While we reach our conclusion upon an entirely different theory from that upon which the respondent determined the amount of gain from the land transaction, the result is the same.

The amount of taxes and interest paid by the petitioner in holding and carrying property is deductible from income in the years in which paid or accrued according to the method of bookkeeping adopted by the petitioner, such amounts may not be added to the purchase price of the property. *Ottawa Park Realty Co.*, 5 B. T. A. 474; *Pacific Coast Redwood Co.*, 5 B. T. A. 423.

With respect to the question of the repairs and survey, there was testimony to the effect that extensive repairs were made and also that a considerable sum was paid out for surveying. The repairs which were made may not be added to the purchase price of the property, being expense items. In any event, there is no testimony as to the amount of the repairs or the nature thereof.

With respect to the surveying expenses, there is no testimony as to the amount thereof.

On the question of the 5 per cent penalty for negligence, it appears that the petitioner aside from the land transaction had income in the amount of $18,000, with respect to which he made no entries in his return and which he does not deny, and does not contend and did not contend before the Bureau, was not taxable income. In our opinion, the failure to set forth the facts relating to this income or to disclose information relating thereto, indicates carelessness and negligence to say the least, and in our opinion, the 5 per cent

penalty for negligence should be imposed, even though the petitioner was acting in good faith and relied upon information that he received to the effect that the land transaction did not result in taxable gain.

With respect to the bad debts, we are convinced that the petitioner ascertained the debts in question in the amount of $690.05 to be worthless and charged them off during the taxable year involved. The fact that the petitioner had sold property to the same individuals and had ascertained in a previous year that they were unable to pay and that he could not collect, does not prevent the petitioner from ascertaining subsequent debts to be bad and receiving the benefit of a deduction with respect thereto. We can not assume that the petitioner intended to give away his property or that he did not consider that he had prospects of collecting when he sold the property as a result of which the debts were incurred which were charged off in the taxable year. In our opinion, the deduction on account of bad debts is allowable.

> *Judgment will be entered on 15 days' notice, under Rule 50.*