GARY M. EMMONS AND MARTHA C. EMMONS, PETITIONERS *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT

Docket No. 32406-86.     Filed February 16, 1989.

*William C. Waller, Jr.,* for the petitioners.
*Susan J. Rascoe,* for the respondent.

GERBER, *Judge:* Respondent, in a statutory notice of deficiency dated May 8, 1986, determined deficiencies and additions to petitioners' 1981 and 1982 income taxes as follows:

|      |            | Additions to tax | |
| Year | Deficiency | Sec. 6653(b)[1] | Sec. 6661 |
|------|------------|-----------------|-----------|
| 1981 | $12,418    | $6,209          | - - -     |
| 1982 | 13,030     | 6,515*          | $1,303    |

*Plus 50 percent of the interest on the 1982 deficiency pursuant to sec. 6653(b)(2).

By amended answer, respondent asserts, in lieu of the section 6653(b) additions for fraud, that petitioners are liable for additions to tax under sections 6653(a) (for negligence or intentional disregard of rules and regulations) and 6651(a)(1) (for failure to timely file) as follows:

| Year | Sec. 6653(a)(1) | Sec. 6653(a)(2) | Sec. 6651(a)(1) |
|------|-----------------|-----------------|-----------------|
| 1981 | $646            | 50% of interest due on 1981 deficiency | $3,229 |
| 1982 | 652             | 50% of interest due on 1982 deficiency | 652 |

The issues presented for our consideration are: (1) Whether, for purposes of commencing the 3-year statute of limitations period prescribed in section 6501(a), a late return

---

[1]All section references are to the Internal Revenue Code of 1954 as amended and in effect during the years at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

is considered "filed" on the day it is mailed[2] or the day it is received by respondent; and (2) whether petitioners are liable for additions to tax pursuant to section 6653(a). After failing to produce any evidence at trial, petitioners concede in their post-trial reply brief that if we rule that the statutory notice of deficiency was mailed by respondent within the 3-year limitations period prescribed in section 6501(a), we must enter judgment in favor of respondent for the determined tax deficiencies and the section 6651(a)(1) failure to file addition.[3]

## FINDINGS OF FACT

The stipulation of facts, together with the exhibits attached thereto, is incorporated herein by this reference.

Petitioners Gary M. Emmons and Martha C. Emmons, husband and wife, resided in San Angelo, Texas, when the petition was filed in this case. Petitioners filed untimely joint Federal income tax returns for the years 1981 and 1982. The returns were due on April 15, 1982, and April 15, 1983, respectively. The returns for both years, however, were postmarked on May 5, 1983, and were received by respondent at the Internal Revenue Service Center at Austin, Texas, on May 9, 1983.

For 1981 and 1982, petitioners received and reported wage income in the amounts of $42,118.43 and $45,289.44, respectively. During 1982, petitioners received, but did not report, additional interest income in the amount of $65. On their returns, petitioners claimed business expenses of $41,548.21 for 1981 and $36,838.64 for 1982. These expenses were purportedly incurred in petitioners' Amway business selling household products. Petitioners claimed that the majority of these expenses were associated with "business trips." Petitioners also reported a $25 political contribution credit for 1981 and $8,064.26 in deductions for 1982. As a result of these purported business expenses, deductions, and credits, petitioners reported that their tax liability was $0 for both 1981 and 1982. In 1981 and 1982,

---

[2] As used herein, "mailed" means the postmark date.

[3] Petitioners acknowledge that by failing to introduce any evidence to dispute the correctness of the deficiencies, they have not met their burden of proof. See Rule 142(a). Petitioners have also abandoned the issue of whether the allocation of taxes to petitioners violates various provisions of the U.S. Constitution.

petitioner husband also signed and submitted to his employer Employee's Withholding Allowance Certificate[s] (Forms W-4) indicating that his withholding status was "exempt."

As part of an examination of petitioners' returns, respondent issued a letter to petitioners requesting that they come to the offices of the Internal Revenue Service and provide all records to substantiate the items reported on their 1982 return. On March 20, 1984, Keith Mathis, a revenue agent of the Internal Revenue Service, met with Mr. Emmons in response to the letter. Mr. Emmons, however, refused to cooperate with or submit any records to Mr. Mathis. Mr. Emmons expressed his belief that producing his records would be a waste of time for all persons concerned. He further stated that he would never voluntarily make any of his records available to respondent. Respondent, therefore, proceeded to disallow the business expenses, deductions, and credits claimed by petitioners in their 1981 and 1982 returns.

On May 8, 1986, respondent issued a statutory notice of deficiency which reflected the disallowances, tax deficiencies, and statutory additions for 1981 and 1982.

OPINION

*Expiration of Limitations Period for Assessment*

We first must decide whether the limitations period under section 6501(a) expired, barring respondent's proposed assessments. If we conclude that the limitations period did not expire, we will then address the issue of whether petitioners are liable for the section 6653(a) negligence additions.

Section 6501(a) states in pertinent part:

the amount of any tax imposed by this title shall be assessed within 3 years after the return was *filed* (whether or not such return was filed on or after the date prescribed) * * * and no proceeding in court without assessment for the collection of such tax shall be begun after the expiration of such period. [Emphasis added.]

The critical question here is when the returns were deemed "filed" for purposes of commencing the 3-year limitations period. If petitioners filed their returns at the

point of mailing—May 5, 1983—the 3-year period for respondent to assess and collect the taxes would have expired prior to the issuance of the statutory notice of deficiency on May 8, 1986. The assessments would, therefore, be barred. However, if petitioners filed their returns at the point of their receipt by respondent—May 9, 1983—the period for assessment and collection would not have expired. The running of the period of limitations provided in section 6501 is suspended when a statutory notice of deficiency is issued. For purposes of this case, the suspension lasts until the decision of this Court becomes final, and for 60 days thereafter. See sec. 6503(a)(1). In support of their argument that filing should be deemed to occur at the point of mailing, petitioners cite section 7502(a)(1). That section provides, in essence, that when a return is required to be filed on or before a prescribed date and the return is delivered by the U.S. mail after such date, the date of the U.S. postmark is deemed the date of delivery. Petitioners also rely upon *Hotel Equities Corp. v. Commissioner,* 546 F.2d 725 (7th Cir. 1976), affg. 65 T.C. 528 (1975), for the proposition that section 7502(a)(1) governs when a return is deemed filed for purposes of section 6501(a). However, notwithstanding petitioners' arguments, we agree with respondent that an untimely return is not "filed" until received by respondent.

Although section 6501 does not define the word "filed," the general and longstanding rule, as noted by the Court in *Hotel Equities Corp. v. Commissioner, supra,* is that "filed" "means 'delivered' for purposes of determining when the statute of limitations on assessments under section 6501(a) starts to run." *Hotel Equities Corp. v. Commissioner, supra* at 727. See also *First Charter Financial Corp. v. United States,* 669 F.2d 1342, 1345-1347 (9th Cir. 1982); *Phinney v. Bank of the Southwest National Association, Houston,* 335 F.2d 266 (5th Cir. 1964); *Pace Oil Co. v. Commissioner,* 73 T.C. 249, 251 (1979). Section 7502(a)(1) is an exception to this general principle—but only if all the requirements of section 7502 are satisfied.

One requirement imposed by section 7502 is found in subsection (a)(2)[4] which states, in essence, that a return will

---

[4]Subsec. (a)(2) of sec. 7502 states in pertinent part:

be deemed delivered on the postmark date only if the return is mailed on or before its due date. In other words, timely mailing is timely filing.

Here, the due dates for the 1981 and 1982 returns were April 15, 1982, and April 15, 1983, respectively. Petitioners did not mail their returns until May 5, 1983, well after their due dates. Therefore, section 7502(a)(1) does not apply to this case and the general rule that the date of filing is the date of receipt controls. Accordingly, since the statutory notice of deficiency was issued within 3 years of the receipt of petitioners' returns by respondent, the assessments are not barred by section 6501(a).

## Liability for the Section 6653(a) Additions

We next address the issue of whether petitioners are liable for the additions to tax under section 6653(a). Since these additions were first asserted by respondent in his amended answer, he bears the burden of proving by a preponderance of the evidence that the underpayment of tax is due to petitioners' negligence or their intentional disregard of the rules and regulations. See Rule 142(a).

Section 6653(a) provides that if any part of any underpayment of tax is due to negligence or the intentional disregard of rules and regulations, there shall be added to the tax an amount equal to 5 percent of the entire underpayment plus 50 percent of the interest payable with respect to the portion of the underpayment attributable to the taxpayer's negligence or his intentional disregard of the rules and regulations.

Respondent argues that petitioners are liable for the section 6653(a) additions on the following grounds: (1) Petitioners failed to substantiate the items claimed on their returns during their audit; (2) petitioner husband filed false Employee Withholding Allowance Certificate[s] (Forms W-4) with his employer claiming his tax status as "exempt"; and (3) petitioners filed untimely 1981 and 1982 tax returns.

With respect to 1981 and respondent's first ground for the imposition of the section 6653(a) additions, respondent

---

This subsection shall apply only if—
    (A) the postmark date falls within the * * * prescribed date—
        (i) for the filing * * * of the return * * *.

has presented no evidence to support his assertion that petitioners could not substantiate the items claimed on their 1981 return. Revenue Agent Mathis testified at trial that he was not sure whether the meeting he had with Mr. Emmons concerned both 1981 and 1982 or just 1982. Although it is likely the audit related to both 1981 and 1982, and it is further likely petitioners would not have cooperated with respondent for 1981 and could not substantiate the items claimed on their 1981 return, we decline to make these assumptions without any evidence dealing specifically with 1981. Similarly, respondent has failed to introduce any evidence to support his second argument that Mr. Emmons' Forms W-4 were false. We do agree, however, with respondent's third argument that the section 6653(a) additions are appropriate when a return is filed late.

As we noted above, the section 6653(a) additions are imposed "If any part of any *underpayment (as defined in subsection (c)(1))* of any tax imposed by subtitle A * * * *is due to* negligence or intentional disregard of rules or regulations." (Emphasis added.) By definition, an "underpayment" is caused by the fact that a return is untimely filed or not filed at all. Subsection (c)(1) defines "underpayment," generally, as "a deficiency as defined in [section 6211]." Generally, "deficiency" is defined in section 6211 as "the amount by which the tax imposed by subtitle A * * * exceeds * * * the amount shown as the tax by the taxpayer upon his return."[5] However, in determining whether an "underpayment" exists, section 6653(c) prescribes that the tax shown on the taxpayer's return "shall be taken into account *only if* such return was filed *on or before the last day prescribed for the filing of such return.*" (Emphasis added.) Therefore, the tax reported on a taxpayer's untimely return is ineffectual in determining the existence of an underpayment.[6] *Stewart v. Commissioner,* 66 T.C. 54 (1976); see also *Badaracco v. Commissioner,* 464 U.S. 386, 394 (1984). A delinquent return inherently renders the entire

---

[5]Sec. 6211 contains certain adjustments to this calculation that are not pertinent here.

[6]If a return is filed after its due date and reports that some tax is owing, the "underpayment" for sec. 6653 purposes will be greater than the "deficiency," *if any.* The second parenthetical in sec. 6653(c) suggests that the definition of deficiency contemplates that the tax reported on an untimely return will be taken into account in determining whether a deficiency exists. Sec. 6211.

tax an "underpayment." Hence, in situations like that presented here, a taxpayer will automatically create an "underpayment" in the amount of the correct tax simply because he or she files an untimely return. This is true regardless of the amount of tax reported on the untimely return or the amount of tax actually owed. Secs. 6653(a) and (c) and 6211(a) and (b)(1).

In determining that the late filing of petitioners' return caused the underpayment, we have not completed our inquiry of whether the underpayment was due to petitioners' negligence or intentional disregard of the rules and regulations. The pivotal question now is whether the *untimely* filing of a return is negligent or an intentional disregard of the rules and regulations. Under facts as those presented here, we hold in the affirmative.

Negligence, within the meaning of section 6653(a), has been defined as the failure to do what a reasonable and ordinarily prudent person would do under the circumstances. *Neely v. Commissioner*, 85 T.C. 934, 947 (1985). Taxpayers have a statutory duty to *timely* file their income tax returns, sec. 6072(a), and the breach of this duty is sufficient evidence of negligence. Cf. W. Prosser & W. Keeton, Torts, sec. 36, at 227-231 (5th ed. 1984). Ordinarily, a reasonable and prudent person would comply with a statutorily prescribed deadline applicable to him or her.

It could also be stated that by establishing that petitioners did not file their tax returns by the statutorily prescribed date, respondent has made a prima facie case for negligence, and the failure of petitioners "to come forward with adequate countervailing evidence, i.e., to overcome or to put in equilibrium such a prima facie case, will result in a decision for [respondent] on the ground that he has carried his burden of proof." *Llorente v. Commissioner*, 74 T.C. 260, 277 (1980) (Tannenwald, J., concurring), affd. in part and revd. in part 649 F.2d 152 (2d Cir. 1981). See also *Robinson's Dairy, Inc. v. Commissioner*, 35 T.C. 601, 608-609 (1961), affd. 302 F.2d 42 (10th Cir. 1962); *Haynie v. Commissioner*, T.C. Memo. 1977-136.

By establishing the untimely filing of petitioners' returns, respondent has not "shifted" his *ultimate* burden of proving negligence by a preponderance of the evidence. However,

the burden of going forward with *evidence* has shifted to petitioners. Petitioners' failure to proffer evidence tending to meet or rebut respondent's prima facie case of negligence will result in a decision for respondent. Cf. *Robinson v. Commissioner,* 57 T.C. 735, 737 (1972).

The type of evidence necessary to meet or rebut a prima facie case of negligence arising in a late filing situation is that which indicates the existence of an adequate and reasonable excuse or justification for the delinquent filing. Cf. sec. 6651(a). Here, petitioners introduced no such evidence.[7] We therefore hold that respondent has met his burden of proving negligence by establishing that the returns were filed after their due date.

Thus, when an income tax return is untimely filed, or not filed at all, the section 6653(a) additions will apply to the correct amount of tax, assuming the taxpayer fails to show reasonable justification for failing to timely file.

Accordingly, we find that petitioners are liable for the section 6653(a)(1) and (2) negligence additions for 1981. The additions shall apply to the entire deficiency, which in this case equals the underpayment.

Respondent has also met his burden with respect to the section 6653(a) additions for 1982. By showing that petitioners filed their 1982 return after its due date (as discussed above with respect to 1981), refused to cooperate with respondent during their audit, and claimed substantial expenses, deductions, and credits which they could not or would not substantiate as required by section 6001 and the regulations promulgated thereunder,[8] respondent has shown that the tax underpayment at issue was caused by petitioners' negligence or intentional disregard of the rules or regulations. *Marcello v. Commissioner,* 380 F.2d 499, 507-511 (5th Cir. 1967); *Avery v. Commissioner,* 11 B.T.A.

---

[7] In addition, petitioners' concession of the sec. 6651(a)(1) late filing addition indicates there was no reasonable excuse or justification for the untimely filing of their income tax return. Such an excuse would have precluded the application of the addition under sec. 6651(a)(1).

Furthermore, merely because Congress provided a specific addition under sec. 6651 for untimely filing, respondent is not precluded from also imposing the sec. 6653(a) additions when they are induced by the same act of filing a late return. *Robinson's Dairy, Inc. v. Commissioner,* 35 T.C. 601, 608-609 (1961), affd. 302 F.2d 42 (10th Cir. 1962).

[8] In addition to the general requirement that taxpayers must be able to substantiate the items claimed on their returns, sec. 274(d) and the regulations promulgated thereunder impose strict and specific substantiation requirements upon taxpayers, such as petitioners, who claim travel expenses and other similar types of expenses as deductions or credits.

958, 962-963 (1928); see also *Bell v. Commissioner,* 85 T.C. 436, 441 (1985). Petitioners' failure to introduce any evidence in this matter simply did not overcome respondent's prima facie case.[9] Accordingly, petitioners are liable for the section 6653(a) additions asserted by respondent for 1982.

To reflect the foregoing,

*Decision will be entered for the respondent.*

---

[9] Petitioners' failure to introduce any evidence on the legitimacy of the disallowed expenses, deductions, and credits further supports respondent's claim that petitioners acted negligently or in disregard of the rules and regulations. If such evidence existed, it is fair to conclude that it would have been produced by petitioners.