LESTER DEE BERG, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Berg v. Commissioner
Docket No. 38955-86.
United States Tax Court
T.C. Memo 1989-252; 1989 Tax Ct. Memo LEXIS 252; 57 T.C.M. (CCH) 506; T.C.M. (RIA) 89252; May 24, 1989. Lester Dee Berg, pro *254 se. Jeffrey L. Heinkel and Peter D. Bakutes, for the respondent. COHEN
MEMORANDUM FINDINGS OF FACT AND OPINION COHEN, Judge: Respondent determined a deficiency of $ 3,028,541.49 in petitioner's Federal income tax for 1981 and additions to tax under sections 6651(a)(1), 6653(a)(1), and 6653(a)(2) of $ 757,135.00, $ 151,463.00, and 50 percent of the interest due on the entire deficiency, respectively. After concessions, the issues for decision are whether petitioner underreported his gross income for 1981, whether petitioner sustained deductible losses in connection with his alleged investments in certain entities, and whether petitioner is subject to the additions to tax as determined by respondent. All section references are to the Internal Revenue Code, as amended and in effect for the year in issue. FINDINGS OF FACT Some of the facts have been stipulated, and the stipulated facts are incorporated in our findings by this reference. Petitioner resided in Woodland Hills, California, when he filed the petition. In 1981 petitioner engaged in various businesses and activities under his name and through at least 12 entities, including Pacific Coast *255 Wholesale International; Lester Berg Sales; N.R.G. Systems, sometimes referred to in exhibits as N.R.G. Corporation or N.R.G., Inc., but not a corporation; Security Associates, sometimes referred to in exhibits as Security Associates, Inc., but not a corporation in 1981; and West Coast Glass, Inc., incorporated August 14, 1981. During 1981, petitioner maintained bank accounts in his name and had signatory authority over bank accounts under the names of these various entities. Petitioner and his then spouse filed a joint income tax return for 1981 on September 14, 1983, without obtaining an extension of time to file the return. Petitioner's former spouse filed a separate petition on her own behalf and is not a party to this proceeding. The return included Schedules C with respect to the activities of only two of the entities, Pacific Coast Wholesale International and Lester Berg Sales. These schedules indicated the following: Pacific Coast
Wholesale International
Lester Berg Sales
Gross Receipts
$  644,782 $ 150,000
Less Cost of
Goods Sold
(174,949)
-0-  Total Income
$  469,779 $ 150,000 Total Deductions
(560,238)
(49,148)
Net Profit (Loss)
$  (90,459)
$ 100,852 *256 No returns or schedules were filed in regard to the activities of N.R.G. Systems, Security Associates, or West Coast Glass, Inc. Respondent determined that petitioner had unreported income of $ 3,732,821 for 1981. This adjustment was based on respondent's bank deposits analysis of 19 accounts controlled by petitioner. Respondent also disallowed generally for lack of substantiation a portion of petitioner's itemized deductions claimed on Schedule A and certain business expense deductions claimed on the Schedules C. Subsequent to sending the deficiency notice, respondent acknowledged that petitioner's bank deposits included deposits of funds from loans, certain transfers between petitioner's accounts, and corporate account deposits that were not properly attributable to petitioner. Accordingly, respondent agreed to decrease the unreported income adjustment to $ 2,175,747. At trial on March 14, 1989, the parties filed a Stipulation of Settled Issues indicating the amounts of Schedule A and Schedule C deductions that petitioner is entitled to for 1981. The parties expressly agreed that petitioner is entitled to no Schedule C expense deductions for 1981 beyond those set *257 forth in the stipulation. OPINION The first issue is whether petitioner had unreported income for 1981. Bank deposits are prima facie evidence of income, and petitioner bears the burden of proving that respondent's determination based on this evidence is incorrect. Tokarski v. Commissioner,87 T.C. 74, 77 (1986); Estate of Mason v. Commissioner,64 T.C. 651, 656-657 (1975), affd. 566 F.2d 2 (6th Cir. 1977). Petitioner addresses only the funds deposited to the accounts of three of the entities that he controlled -- N.R.G. Systems, Security Associates, and West Coast Glass, Inc. Petitioner maintains that funds deposited in those accounts were not income but were "investments" by him in the following amounts: $ 52,320 (N.R.G. Systems), $ 545,173 (Security Associates), and approximately $ 45,000 (West Coast Glass, Inc.). His theory apparently is that because the entities to which the deposits were made had no sales, the deposits are not income. Petitioner has provided no evidence, however, that the deposits in question were received by him from nontaxable sources. Even if such funds were from nontaxable sources, petitioner *258 has not shown that respondent's concessions with respect to petitioner's unreported income did not exclude such funds. Petitioner also argues that he sustained losses to the extent of the deposits in question, i.e., his "investments." In support of his position, petitioner asserts that he advanced the funds to N.R.G. Systems, Security Associates, and West Coast Glass, Inc., for research and development purposes and that none of these entities ever realized income or returned payment to him. Petitioner further asserts that Security Associates went bankrupt in 1982 leaving an outstanding debt to him of $ 250,000. Petitioner has not advanced any discernible theory or theories in claiming such losses for 1981. He apparently contends that he made loans or capital contributions to entities through which he conducted or intended to conduct business. Petitioner bears the burden of proving entitlement to such deductions. New Colonial Ice Co. v. Helvering,292 U.S. 435, 440 (1934). We have considered various alternative grounds for deductions. We cannot hold, however, that petitioner sustained deductible losses as he asserts. A taxpayer is entitled to deductions *259 for ordinary and necessary expenses paid or incurred during the year in carrying on a trade or business (section 162), research and experimental expenditures paid or incurred by the taxpayer in connection with his or her trade or business (section 174), and losses incurred in a trade or business or in a transaction entered into for profit (section 165). Any nonbusiness debt that becomes worthless during the year is generally treated as a short-term capital loss. Section 166(d)(1)(B). If a security representing investment in a business is a capital asset and becomes worthless during the year, any resulting loss is treated as a capital loss. Section 165(g). Capital losses are deductible only to the extent allowed in sections 1211 and 1212. Section 165(f). The amounts at issue were not deductible as business or research and experimental expenditures. Expenses of entities doing business in corporate form, i.e., West Coast Glass, Inc., are not deductible by petitioner. Gantner v. Commissioner,91 T.C. 713, 725 (1988). Petitioner testified, and we have found, that N.R.G. Systems and Security Associates were not corporations in 1981. Their expenses thus would be *260 deductible, if at all, on Schedules C attached to petitioner's individual return. The parties have stipulated, however, that petitioner is entitled to no Schedule C deductions except those set forth in the stipulation. There is nothing in the record identifying or substantiating any additional deductible expenses relating to any of the entities. In regard to the alleged loss on the "investment" in West Coast Glass, Inc., petitioner has not established (1) whether the amounts in question were debt or capital; (2) that either the debt or a capital investment became worthless in 1981; or (3) that specific deposits included in respondent's analysis were part of such debt or capital contribution. It is improbable that he invested substantial sums in 1981, as he claims, and that any security representing his investments immediately became worthless. We have considered other possible theories on which losses are deductible and find them either inapplicable to this case or untenable in view of the lack of evidence. Finally, we must decide whether petitioner is liable for additions to tax under sections 6651(a)(1), 6653(a)(1), and 6653(a)(2). Petitioner bears the burden of proof. *261 Rule 142(a), Tax Court Rules of Practice and Procedure. Petitioner filed his return for 1981 well over a year late. In order to avoid the addition to tax under section 6651(a)(1), petitioner must show that his failure to file the return on time was due to reasonable cause and not willful neglect. Petitioner's only explanation for the late filing of his return for 1981 is that he believed that he owed no tax. In view of petitioner's level of gross income, he was required to file a return whether or not he owed any tax. Section 6012(a)(1). We are not persuaded that he believed he owed no tax, but, in any event, such a belief would not excuse his delinquency. Linseman v. Commissioner,82 T.C. 514, 523 (1984). Petitioner has not proven that his late filing and underpayment of his tax were not negligent. Accordingly, the additions to tax must be sustained. See, e.g., Emmons v. Commissioner,92 T.C. 342, 350 (1989). To reflect concessions by both parties, Decision will be entered under Rule 155.