DON H. ECKEL, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Eckel v. Commissioner
Docket No. 2341-88
United States Tax Court
T.C. Memo 1990-174; 1990 Tax Ct. Memo LEXIS 187; 59 T.C.M. (CCH) 306; T.C.M. (RIA) 90174; April 2, 1990
Don H. Eckel, pro se. Anthony S. Gasaway, for the respondent. COLVIN
MEMORANDUM FINDINGS OF FACT AND OPINION COLVIN, Judge: Respondent determined deficiencies in petitioner's Federal income tax for the taxable year 1980 in the amount of $ 10,515.00; for taxable year 1981 in the amount of $ 11,493.28; for taxable year 1982 in the amount of $ 8,445.00; and additions to tax as follows:
Additions to Tax
Year
Sec. 6651(a)(1) [1]
Sec. 6653(a)(1)
Sec.6653(a)(2)
Sec. 6654
Sec. 6661
1980
$ 2,629.00
$ 526.00 * $ 670.00
N/A
1981
2,873.00
575.00 * 881.00
N/A
1982
2,111.00
422.00 * 822.00
$ 2,111.00
*189 The issues to be decided are: 1. Whether respondent's deficiency determinations for petitioner's taxable years 1980, 1981, and 1982 are correct, including whether petitioner is liable for self-employment tax for 1980-1982. 2. Whether petitioner is liable for additions to tax (a) for failure to file returns under section 6651(a)(1) for 1980-1982; (b) for negligence or intentional disregard of the rules and regulations under section 6653(a) for 1980 and sections 6653(a)(1) and 6653(a)(2) for 1981 and 1982; and (c) for failure to pay estimated tax under section 6654 for 1980-1982; and (d) for substantial underpayment of tax under section 6661(a) for 1982. 3. Whether petitioner is liable for a penalty under section 6673 for instituting and maintaining this action primarily for delay. As discussed below, we find for respondent on each issue. As to the addition to tax under section 6653(a), note the discussion below. We also impose a penalty on petitioner in the amount of $ 3,000 under section 6673. FINDINGS OF FACT Petitioner resided in the Bethany postal district of Oklahoma City, Oklahoma, when he filed his petition in this case. Respondent determined that during the *190 period 1980 through 1982 petitioner was a self-employed typesetter. Petitioner denied having any taxable income for the years in question. Petitioner stated that he filed what he termed a "Fifth Amendment return" for the years at issue, in which he objected to every question on the 1040 forms. He also objected to the figures contained in what he called an "alleged" statutory notice of deficiency. Petitioner was uncooperative with respondent's revenue agent during examination of his tax liabilities and did not provide adequate records of income and deductions for years at issue. He was ordered incarcerated for ignoring the District Court's order to produce records through a summons enforcement proceeding on February 9, 1984. United States v. Eckel, an unpublished opinion (W.D. Okla. 1984). Only then did petitioner provide respondent with business records. The revenue agent computed petitioner's income and tax liabilities from these records. Respondent determined petitioner's income and adjustments from bank records showing deposits made into the bank account of Don Eckel Typesetting. Respondent considered total deposits to be income less deductible business expenses, *191 less amounts indicated as expenses on bank deposit slips. Business expense deductions allowed were $ 28,813.08 in 1980, $ 28,186.76 in 1981, and $ 18,744.19 in 1982. Respondent determined petitioner was liable for self-employment tax of $ 2,098.00 in 1980, $ 2,321.00 in 1981, and $ 2,067.00 in 1982. Petitioner's income was determined as follows (notice of deficiency): Income Adjustment
1980
1981
1982
Interest income
$    111.47
$     66.74
$    576.31
Dividend income
-0-  101.22
702.74
Miscellaneous income
-0-  4,548.10
700.00
Gross receipts
59,511.20
53,147.25
40,853.74
Capital gains
-0-  300.00
3,447.27
Petitioner repeatedly argued in his pretrial and posttrial motions before this Court that respondent did not show "proper authority for alleged legal sufficiency of issuance of notice of deficiency as to the Petitioner in this instant action, or any valid authority to base any presumption of an alleged deficiency." Petitioner also repeatedly contended that this Court lacked subject matter jurisdiction. At trial, on May 8, 1989, petitioner did not dispute any of respondent's deficiency determinations. Instead, *192 he again argued issues raised in his pretrial motions that had been previously denied. In cross-examining respondent's witnesses, petitioner's questions sought to ascertain only their educational qualifications. Petitioner presented no evidence to refute respondent's income determinations. When the Court asked, "Is there any information you would like to bring before the Court relating to dollar figures you contested in the petition?" petitioner's only response was that "the Court should dismiss it for lack of jurisdiction." OPINION Petitioner bears the burden of proof on all issues before the Court. Rule 142. Petitioner did not contest respondent's deficiency determinations. He offered no evidence during trial. Instead, he merely attempted to again argue the frivolous issues raised in pretrial motions, all of which were ruled against him. We first address respondent's deficiency determinations of income and self-employment taxes for petitioner's taxable years 1980, 1981, and 1982. We do not believe that respondent improperly reconstructed petitioner's income. Notwithstanding petitioner's unsubstantiated claim that he had no taxable income during the years at issue, *193 we find that petitioner received taxable income as determined by respondent. Deductions are a matter of legislative grace, and petitioner has the burden of proving entitlement to them. Deputy v. duPont, 308 U.S. 488 (1940). Because petitioner did not offer any evidence at trial, we have no basis from which to reconstruct or estimate any deductions beyond those determined by respondent. We find that petitioner, as a self-employed typesetter, is subject to self-employment tax under section 1401. Petitioner did not offer any evidence to the contrary. We find respondent's determination of self-employment tax to be correct. Accordingly, we sustain respondent's deficiency determination as set forth in the notice of deficiency. We next address respondent's determination of additions to tax. The first issue is whether petitioner timely filed returns for the years at issue under section 6651(a)(1). Petitioner claims that he filed "Fifth Amendment" returns for each year before the Court in which he objected to each question on the Forms 1040. We have no evidence of "an honest and reasonable attempt to satisfy the tax law" which is required for a document to constitute *194 a return under section 6651(a)(1). Beard v. Commissioner, 82 T.C. 766, 777 (1984), affd. per curiam 793 F.2d 139 (6th Cir. 1986). Accordingly, we find that petitioner's purported "Fifth Amendment" returns do not constitute returns for purposes of section 6651. Respondent determined additions to tax under section 6653(a)(1) and (2). Section 6653(a) for 1980 and section 6653(a)(1) for 1981 and 1982 impose an addition to tax equal to five percent of the underpayment of tax if any part of the underpayment is due to negligence or the intentional disregard of rules and regulations. Section 6653(a)(2) imposes an additional liability of 50 percent of the interest due on that portion of the underpayment attributable to negligence or intentional disregard of rules and regulations. Negligence has been defined as the failure to do what a reasonable, ordinarily prudent person would do under the circumstances. Neely v. Commissioner, 85 T.C. 934, 947 (1985). Petitioner presented no evidence to rebut negligence and the determination under sections 6653(a) and 6653(a)(1) and (2). In light of petitioner's "Fifth Amendment" returns, we find that *195 his underpayments were due to intentional disregard of rules and regulations. Moreover, taxpayers have a statutory duty to timely file their income tax returns, section 6072(a), and breach of this duty is sufficient evidence of negligence under sections 6653(a) and 6653(a)(1) and (2). Emmons v. Commissioner, 92 T.C. 342, 349-350 (1989). In the notice of deficiency, respondent determined additions to tax under section 6653(a)(1) and (2) for 1980, 1981, and 1982. Section 6653(a)(2), which is applicable to taxes the last date prescribed for payment of which is December 31, 1981, was added by section 722(b) of the Economic Recovery Tax Act of 1981, Pub. L. 97-34, 95 Stat. 172. Thus, section 6653(a)(2) is inapplicable to petitioner's 1980 taxable year. Having found negligence, we apply the provisions of section 6653(a) to petitioner's 1980 taxable year. Accordingly, petitioner is liable under section 6653(a) for 1980 and under section 6653(a)(1) and (2) for taxable years 1981 and 1982. Respondent also determined additions to tax for failure to pay estimated tax for the years at issue under section 6654. Petitioner presented no evidence to rebut this determination. *196 Accordingly, we find for respondent. Respondent determined additions to tax for substantial underpayment of tax under section 6661(a) for taxable year 1982. If a valid return is not filed for the taxable year at issue, the amount of tax shown on the return is considered to be zero. Sec. 1.6661-2(d)(2), Income Tax Regs. Petitioner's "Fifth Amendment" return for 1982 is not a valid return. Accordingly, his understatement for 1982 exceeds $ 5,000 or 10 percent of the tax required to be shown on the return, and he is liable for the addition to tax under section 6661. At trial, respondent orally moved for damages (now called a penalty) under section 6673. For positions taken after December 31, 1989, in proceedings which are pending on, or commenced after such date, the Court may award a penalty not in excess of $ 25,000 when proceedings have been instituted or maintained primarily for delay, where the taxpayer's position is frivolous or groundless, [2] or where the taxpayer unreasonably fails to pursue available administrative remedies. Sec. 6673(a)(1). It appears to the Court that each of the reasons set forth in section 6673(a)(1) for applying sanctions is applicable in this *197 case. On the basis of the entire record, the Court concludes that petitioner's position, having failed to present any evidence at trial to disprove any of the income issues presented by respondent, and his own admission of filing a "Fifth Amendment return," was frivolous and groundless and that he instituted these proceedings primarily for purposes of delay. Petitioner insisted on wasting the resources of this Court by bringing this case when he knew that filing a "Fifth Amendment return" was not a valid tax return. Under these circumstances, we require petitioner to pay to the United States a penalty in the amount of $ 3,000. *198 Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year at issue, unless otherwise noted, and all rule references are to the Tax Court Rules of Practice and Procedure. * Additions to tax pursuant to sec. 6653(a)(2) are determined in an amount equal to 50 percent of the interest that is computed on the portion of the underpayment which is attributable to negligence or intentional disregard of rules and regulations.↩
2. Petitioner and his wife (who was dismissed from this case) brought suit on March 18, 1985, in the U.S. District Court, Western District, Oklahoma, to challenge a $ 500.00 penalty assessed against them under section 6702, for filing a frivolous tax return in Eckel v. United States, an unreported opinion (W.D. Okla. 1985), 85-2 USTC par. 9706, 56 AFTR2d 87↩-5755. Granting the government's motion for summary judgment, the Court said that it "sees no benefit in belaboring what should have been obvious to the Plaintiffs from the beginning -- that their return was frivolous and that the penalty was properly imposed." The Court also ruled it "will anticipate a motion for attorney's fees with attachments verifying time spent and a reasonable hourly rate. The Clerk of the Court is directed to tax all appropriate costs against the Plaintiffs." The opinion does not disclose which taxable year was involved.