WILLIAM AGBORUCHE, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Agboruche v. Commissioner
Docket No. 28219-92
United States Tax Court
T.C. Memo 1994-285; 1994 Tax Ct. Memo LEXIS 288; 67 T.C.M. (CCH) 3119; June 21, 1994, Filed *288 Decision will be entered for respondent. William Agboruche, pro se. For respondent: Trevor T. Wetherington. BUCKLEY
BUCKLEY
MEMORANDUM OPINION BUCKLEY, Special Trial Judge: This case was assigned pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a $ 4,051 deficiency in petitioner's Federal income tax for 1987 and additions to tax under sections 6651(a)(1) and 6653(a)(1)(A) and (B) in the respective amounts of $ 359.75, $ 202.55, and 50 percent of the interest due on $ 1,439. The issues for decision are: (1) Whether respondent erred in computing petitioner's deficiency and in not allowing petitioner certain business expense deductions, and (2) whether petitioner is liable for the additions to tax. Because petitioner has not carried his burden of proof, we hold for *289 respondent on all issues. Some of the facts have been stipulated, and they are so found. Petitioner resided in Detroit, Michigan, when he filed his petition. During 1987, petitioner was employed as an accountant but was not a certified public accountant at that time. In August 1987, petitioner quit his job and started his own consulting business. Petitioner did not timely file a 1987 Federal income tax return. In May 1991, petitioner received a notice from respondent stating that he had not filed his 1987 income tax return and proposing a deficiency. The notice directed petitioner to file a return within 30 days or agree with and pay the amount of the proposed deficiency. On June 13, 1991, respondent received a Form 1040 completed by petitioner for 1987 but did not file it as petitioner's 1987 income tax return. Nevertheless, respondent used the unfiled return as a starting point for purposes of an audit. On Schedule C of Form 1040, petitioner claimed a $ 8,942 net business loss, which he reached by subtracting claimed deductions of $ 11,595 from gross income of $ 2,653. In October 1991, petitioner received a letter from respondent notifying him that his "Federal tax return *290 has been selected for examination." The letter directed petitioner to bring books and records to the audit supporting the deductions for advertising, car and truck expenses, and office expenses. Respondent's examining agent audited petitioner's books and records for 1987 and, working off petitioner's unfiled 1987 Form 1040, determined that petitioner owed additional tax over that shown on the Form 1040. In the notice of deficiency, respondent allowed petitioner a $ 933 net loss on Schedule C, rather than $ 8,942 as claimed by petitioner. Respondent arrived at that figure by reducing petitioner's total claimed deductions from $ 11,595 to $ 3,586, thus disallowing $ 8,009 in claimed deductions. In the notice of deficiency, respondent determined petitioner's 1987 income tax liability on the following basis: Wages
$ 26,401 Interest income
577 Dividend income
1,971 Business loss (Schedule C)
(933)
Capital loss (Schedule D)
(1,060)
Exemption
(1,900)
Standard deduction
(2,540)
Total (taxable income)
$ 22,516 Respondent computed the deficiency to be $ 4,051 by using the tax tables for single taxpayers and reduced the amount of tax due by $ 2,612 in withholding credits. *291 Petitioner bears the burden of proving that respondent's determination is erroneous. Rule 142 (a); Welch v. Helvering, 290 U.S. 111 (1933). Business Expense Deductions. Petitioner argues that he is entitled to a $ 8,942 business loss, as reported on his unfiled Form 1040 for 1987. He asserts that respondent allowed $ 3,586 of the $ 9,966 in deductions he claimed for advertising, car and truck expenses, and office expenses. Thus, petitioner argues that respondent only disallowed $ 6,380 in total business deductions. He therefore reasons that respondent erroneously computed his 1987 income tax liability by only allowing him total business deductions of $ 3,586. Petitioner asserts that his income tax due, after taking account of the $ 2,612 in withholding, is $ 977 rather than $ 1,439 ($ 4,051 less $ 2,612). He computes the deficiency as follows: Taxable income as reported
$ 16,824 Disallowed Schedule C expenses
6,380 ($ 9,966 less $ 3,586)
Capital gain reported in error
(1,257)
Capital loss
(1,060)
Taxable income
20,887 Recomputed Tax
3,589 Taxes withheld
(2,612)
Difference
$   977 Petitioner is mistaken. In the *292 notice of deficiency, rather than disallowing $ 6,380 in total business deductions, respondent disallowed $ 8,009 in deductions. Petitioner's computation thus displays confusion about what he was allowed and disallowed in Schedule C business expense deductions. Unless petitioner bears his burden to prove that he is entitled to part or all of the deductions disallowed in the notice of deficiency, we cannot hold for him. Petitioner argues that the Internal Revenue Code does not require him to keep specific records of his deductible expenses. Although petitioner is correct that no specific form of recordkeeping with respect to business expenses is required under section 1.6001-1(a), Income Tax Regs., the law nonetheless requires him to maintain books and records sufficient to establish the correct amount of his claimed deductions. Thus, while the regulation does not call for a specific form of record keeping, it does require adequate recordkeeping. Roberts v. Commissioner, 62 T.C. 834, 836 (1974); Williams v. Commissioner, T.C. Memo. 1986-195. Adequate recordkeeping generally means keeping receipts, cancelled checks, *293 or a contemporaneous log book, ledger, or diary. See Sanford v. Commissioner, 50 T.C. 823 (1968), affd. 412 F.2d 201 (2d Cir. 1969); Louis v. Commissioner, T.C. Memo. 1992-319. It does not mean a listing of expenditures created well after the fact. At trial, petitioner did not produce any contemporaneous evidence of his expenditures and argues that the ledger he introduced as evidence is sufficient proof of his expenses. We cannot agree. The ledger does not appear to have been created contemporaneously with the recorded expenditures and appears to have been prepared in contemplation of litigation. Thus, we give the ledger little evidentiary weight. Petitioner asserts that he recorded the expenses on the ledger because the business expenditures were made with checks drawn on a credit card account, and the cancelled checks were not returned to him by his bank. However, the ledger does not even reflect the numbers of the checks he allegedly used to make these payments. Moreover, the one receipt in the record (introduced by respondent) contradicts entries on petitioner's ledger. Thus, rather *294 than supporting his testimony, the ledger tends to support respondent's position that the expenditures in question were never made, or, at least, have not been satisfactorily proven. Furthermore, even though petitioner was unable to produce any of his payment proofs, he has also failed to produce any of the bills and statements in regard to which he made the alleged payments. Accordingly, we do not believe that this is an appropriate case for application of the Cohan rule, whereby we would estimate petitioner's expenses based on the facts in the record. Cohan v. Commissioner, 39 F.2d 540 (2d. Cir. 1930). Petitioner's ledger is simply too unreliable for us to conclude that he is entitled to any more business deductions than already allowed by respondent. Vanicek v. Commissioner, 85 T.C. 731, 734 (1985); Sivic v. Commissioner, T.C. Memo. 1993-54. Petitioner has presented nothing else. Failure to File. At trial petitioner appeared to concede that he was liable for the addition to tax for failing to file a timely income tax return. However, he also argued that the fact that he *295 complied with respondent's request that he file a 1987 return within 30 days relieves him of liability for the addition to tax under section 6651(a). Because of these contradictory positions, we discuss why we hold petitioner liable for that addition to tax. Section 6651(a)(1) imposes an addition to tax of 5 percent of the amount of the tax due for each month a return is delinquent, up to a maximum of 25 percent. The addition to tax is not applicable if the lateness is due to reasonable cause and not willful neglect. Sec. 6651(a)(1). Petitioner bears the burden of proving that his failure to file is due to reasonable cause and not willful neglect. Niedringhaus v. Commissioner, 99 T.C. 202, 220-221 (1992). Petitioner has failed to do so. To prove that his failure to file was reasonable, petitioner must show the Court that he exercised ordinary care and prudence. To show that he lacked willful neglect, he needs to show that his failure to file was not caused by "conscious, intentional failure or reckless indifference." Id. at 221 (quoting United States v. Boyle, 469 U.S. 241, 245-246 (1985)). *296 The record does support either finding. Petitioner has not adduced any evidence as to why he did not file a timely return. Moreover, the fact that he mailed his 1987 return to respondent within 30 days of receiving notice that he failed to file is no excuse. We therefore hold that petitioner is liable for the addition to tax under section 6651(a)(1). Negligence. Section 6653(a)(1)(A) imposes an addition to tax of 5 percent of the underpayment of tax if any portion of the underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(1)(B) imposes as an addition to tax an amount equal to 50 percent of the interest on the portion of the underpayment attributable to the taxpayer's negligence. Negligence has been defined as the lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances. Zmuda v. Commissioner, 731 F.2d 1417, 1422 (9th Cir. 1984), affg. 79 T.C. 714 (1982). Petitioner bears the burden of proving that respondent's determination of an addition to tax under section 6653(a) was erroneous. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791-792 (1972). *297 A failure to maintain adequate books and records to support deductions may constitute negligence or intentional disregard of rules and regulations. Visser v. Commissioner, T.C. Memo. 1993-13, affd. without published opinion 19 F.3d 32 (9th Cir. 1994); Matlock v. Commissioner, T.C. Memo. 1992-324. Petitioner argues that even if he does not have sufficient evidence to prove entitlement to the deductions at issue, he should be relieved of liability for the negligence addition because he maintained a ledger of his expenditures. We do not accept this argument. Without more, we are unable to conclude that petitioner has carried his burden of proving that he acted reasonably under the circumstances. See also Emmons v. Commissioner, 92 T.C. 342 (1989), affd. 898 F.2d 50 (5th Cir. 1990). To reflect the foregoing, Decision will be entered for respondent. Footnotes
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the year at issue. All Rule references are to the Tax Court Rules of Practice and Procedure.↩