ROBERT W. BEALES, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Beales v. Commissioner
Docket No. 10144-90
United States Tax Court
T.C. Memo 1992-608; 1992 Tax Ct. Memo LEXIS 644; 64 T.C.M. (CCH) 1073; October 14, 1992, Filed *644 Decision will be entered under Rule 155. For Robert W. Beales, pro se. For Respondent: Matthew I. Root. GERBER
GERBER
MEMORANDUM FINDINGS OF FACT AND OPINION GERBER, Judge: Respondent by means of a statutory notice of deficiency determined deficiencies in petitioner's Federal income tax and additions to tax in the following amounts: Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653
(a)(1)
Sec. 6653(a)(2)
Sec. 6654(a)
1984
$ 2,794
$ 271.25
$ 139.70
[1]
-- 1985
4,835
628.25
241.75
[1]
110
Additions to Tax
Year
Deficiency
Sec. 6651(a)
Sec. 6653(a)(1)(A)
Sec. 6653(a)(1)(B)
1986
$ 4,006
$ 528.50
$ 200.30
[1]
1987
$ 2,411
336.75
120.55
[1]
All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure, unless otherwise indicated. After concessions, *645 [1] the issues presented for our consideration are: (1) Whether petitioner is entitled to a $ 3,000 capital loss in each of the years in issue; (2) whether petitioner is subject to additions to tax, (a) for failure to file income tax returns for taxable years 1984, 1985, 1986, and 1987 under section 6651(a)(1), and (b) for failure to pay estimated tax for the taxable year 1985 under section 6654(a); and (3) whether petitioner is liable for an addition to tax for negligence under section 6653(a)(1) and (2) in 1984 and 1985 and under section 6653(a)(1)(A) and (B) in 1986 and 1987. FINDINGS OF FACT Some of the facts have been stipulated and the stipulation of facts and attached exhibits are incorporated by this reference. At the time of the filing of the petition herein, petitioner resided in Lyons, New York. Petitioner received a law degree in 1963 and practiced law until 1966. *646 In 1979 petitioner was employed by Georgetown Wine and Food Co. (Georgetown) in Washington, D.C.Georgetown was a retailer of wines and operated a delicatessen and catering business. In January 1980 petitioner proposed to invest $ 20,000 in Georgetown in order to obtain a one-third ownership interest. Under the terms of the investment the corporation was to treat $ 6,667 of petitioner's investment as a purchase of 80 shares of common stock and the balance of $ 13,333 as a loan. The loan was to be repaid under the terms of a subordinated promissory installment note. Prior to the time of his proposal to purchase these shares petitioner owned no other stock in Georgetown. Petitioner also had considered investing an additional $ 10,000 in Georgetown; however, by the summer of 1980 Georgetown's troubled financial condition discouraged petitioner from making any further investment. In September 1980, in an effort to avoid bankruptcy, the business was sold. In consideration of acquiring the business, the purchaser was to assume all of Georgetown's outstanding debt, exclusive of any debt owing to the shareholders. When Georgetown was sold in 1980, petitioner received nothing back *647 on his investment. Petitioner made no attempts to collect upon the promissory note. Petitioner did not file Federal income tax returns for taxable years 1984, 1985, 1986, and 1987. On February 21, 1990, respondent mailed notices of deficiency to petitioner for taxable years 1984, 1985, 1986, and 1987. On or about October 12, 1990, petitioner provided returns for those years to respondent's Appeals Division. Prior to 1984 petitioner filed income tax returns, some of which were untimely. Petitioner was aware of his obligation to file tax returns. OPINION Capital Loss
The parties have agreed that if petitioner incurred a loss in connection with his purported investment in Georgetown, the loss is a capital loss. [2] As a general rule, section 165(a) permits the deduction of losses sustained during the taxable year and not compensated for by insurance or otherwise. Sec. 165(a). Section 165(g)(1) provides that if any security [3] which is a capital asset becomes worthless during the taxable year, the loss shall be a capital loss. However, capital losses on the sale or exchange of capital assets are limited to the extent allowed under sections 1211 and 1212. Sec. 165(f). *648 As a general rule, section 166(a) provides a deduction for debts which become wholly or partially worthless *649 within the taxable year. Where a taxpayer suffers a loss from a worthless nonbusiness debt, the loss is treated as a short-term capital loss. Sec. 166(d)(1)(B). These losses are also limited to the extent allowed under sections 1211 and 1212. Sec. 1.166-5(a)(2), Income Tax Regs.
Pursuant to section 1212(b), petitioner's claimed $ 20,000 1980 net capital loss would carry over to 1981. The excess of the net short-term capital loss over the net long-term capital gain would be a short-term capital loss for 1981. The excess of the net long-term capital loss over the net short-term gain is treated as long-term loss in 1981. Sec. 1212(b). The carryovers from 1980 would be subject to the limitations of section 1211 to determine the deductible capital loss in 1981. Pursuant to section 1212(b), if petitioner had a net capital loss for 1981, he would then be entitled to a carryover to 1982. This methodology would be repeated for 1982 and 1983 to determine the amount, if any, of the capital loss available for the years in issue. It is petitioner's position that he is entitled to a $ 3,000 capital loss in each of the years in issue. Petitioner bears the burden of proving respondent's *650 determination is in error. Rule 142(a). In his petition, [4] petitioner contends that he suffered a long-term capital loss of $ 25,000 and a short-term capital loss of $ 5,000 in 1981 and a $ 16,000 long-term capital loss in 1985. We glean from the pleadings and record that it is petitioner's position that he is entitled to capital loss carryovers for the years in issue based on losses incurred in the intervening years. It is respondent's position that petitioner is not entitled to the claimed capital losses and that petitioner has failed to meet his burden of proving respondent's determination is in error. We agree with respondent. Petitioner presented no evidence as to the claimed capital losses *651 alleged in his petition, his tax liability for the intervening years 1980, 1981, 1982, and 1983, or how much of the claimed loss carryovers had been applied to those prior years. Accordingly, we are unable to determine whether, or to what extent, the capital losses claimed for the years in issue were utilized in the intervening years. Absent such a showing by petitioner, we are unable to determine whether, and to what extent, petitioner has capital loss carryovers available for application to the years before us. Zell v. Commissioner, 763 F.2d 1139, 1142 (10th Cir. 1985), affg. T.C. Memo. 1984-152. [5]
Additions to Tax Under Sections 6651(a)(1) and 6654(a)
We now address whether petitioner is liable for additions to tax under section 6651(a)(1) for 1984, 1985, 1986, and 1987 and under section 6654(a) for 1985. Petitioner bears the burden of proving respondent's *652 determination is in error. Rule 142(a). Section 6012(a) requires the filing of income tax returns, section 6072(a) sets forth the date due, and section 6651(a)(1) imposes an addition to tax for failure to do so timely. Pursuant to section 6651(a)(1) the addition to tax for failure to timely file a required income tax return is imposed, "unless it is shown that such failure is due to reasonable cause and not to willful neglect". The addition to tax imposed is based upon the amount of the tax liability (reduced under section 6651(b)(1) by the amount of the tax previously paid, e.g., amounts paid by withholding or as estimated tax). Accordingly, if there is no tax liability, the amount of the addition to tax is zero. It appears to be petitioner's contention that the late filing addition to tax does not apply because he believed there were no taxes owing for the years in issue and he was informed by employees of respondent that where no tax is owing no addition for late filing is imposed. A taxpayer's good-faith belief that a return is not required to be filed does not constitute reasonable cause under section 6651(a)(1), unless bolstered by advice from competent tax counsel who *653 has been informed of the relevant facts. Stevens Bros. Foundation, Inc. v. Commissioner, 324 F.2d 633, 646 (8th Cir. 1963), affg. on this point 39 T.C. 93, 133 (1962). [6] Petitioner contends that he was informed by respondent's employees that no additions to tax would be imposed for failing to file where no tax would have been shown on the return. Assuming arguendo that petitioner was so informed, such advice went only to the amount of the addition to tax that would have been imposed and not to his obligation to file an income tax return. Petitioner, whether believing in good faith or not that he had no tax liability, was nevertheless aware of the requirement to file income tax returns. In the end result, petitioner did have a tax liability for the years in issue and accordingly is liable for additions to tax under section 6651(a)(1). Section 6654(a) requires the *654 imposition of an addition to tax in the case of any underpayment of estimated tax by an individual. Estate of Ruben v. Commissioner, 33 T.C. 1071, 1072 (1960). Section 6654(e) provides exceptions to the imposition of additions to tax under section 6654(a). Petitioner bears the burden of proving the existence of these exceptions. Petitioner introduced no evidence as to the applicability of the exceptions provided under section 6654(e). Accordingly, respondent's determination is sustained. Section 6653(a) Additions to Tax
Respondent determined an addition to tax for negligence under section 6653(a)(1) and (2) for 1984 and 1985 and under 6653(a)(1)(A) and (B) for 1986 and 1987. For the years in issue, section 6653(a)(1) and (a)(1)(A) imposes an addition to tax equal to 5 percent of the underpayment if any part of the underpayment is due to negligence or intentional disregard of rules or regulations. Section 6653(a)(2) and (a)(1)(B) imposes a further addition to tax in an amount equal to 50 percent of the interest payable on the portion of the underpayment attributable to negligence or intentional disregard of rules or regulations. For purposes *655 of this statute, negligence is the "'lack of due care or failure to do what a reasonable and ordinarily prudent person would do under the circumstances'". Neely v. Commissioner, 85 T.C. 934, 947 (1985) (quoting Marcello v. Commissioner, 380 F.2d 499, 506 (5th Cir. 1967)). Taxpayers have a statutory duty to timely file their income tax returns, section 6072(a), and the breach of this duty may be evidence of negligence. Emmons v. Commissioner, 92 T.C. 342, 349 (1989), affd. 898 F.2d 50 (5th Cir. 1990). Respondent's determination that petitioner's underpayment of tax was due to negligence or intentional disregard of rules or regulations is "presumptively correct and must stand unless the taxpayer can establish that he was not negligent." Hall v. Commissioner, 729 F.2d 632, 635 (9th Cir. 1984), affg. T.C. Memo. 1982-337. Petitioner therefore bears the burden of proving respondent's determination of negligence or intentional disregard of rules or regulations is in error. Rule 142(a); Bixby v. Commissioner, 58 T.C. 757, 791 (1972); *656 Enoch v. Commissioner, 57 T.C. 781, 802 (1972). Petitioner in his petition admitted he did not file returns for the years in issue. At trial petitioner testified as follows: THE COURT: Is there anything else you'd like to tell us about your reasons for filing or failing to file? THE WITNESS: No, I must admit it was neglect. Petitioner did not demonstrate the existence of an adequate and reasonable excuse or justification for the delinquent filing of his returns. Emmons v. Commissioner, 92 T.C. at 350. Accordingly, we hold petitioner failed to do what a reasonable and prudent person would have done under the circumstances and is liable for the section 6653(a) addition to tax. In light of the foregoing, Decision will be entered under Rule 155.
Footnotes
1. 50 percent of the interest due on deficiency.↩
1. 50 percent of the interest due on deficiency.↩
1. The parties have agreed that for the years in issue petitioner had sufficient gross income to require the filing of income tax returns.↩
2. Inasmuch as the parties have agreed that petitioner's loss, if any, is a capital loss we need not address whether petitioner's loan was a business or nonbusiness debt. Moreover, petitioner at all times characterized the transaction as an investment not as a business loan or motivated by a desire to protect his employee status such that any loss would be ordinary in nature. See W.W. Windle Co. v. Commissioner, 65 T.C. 694, 707-708↩ (1976).
3. Sec. 165(g) provides: (2) Security Defined. -- For purposes of this subsection, the term "security" means -- (A) a share of stock in a corporation; (B) a right to subscribe for, or to receive, a share of stock in a corporation; or (C) a bond, debenture, note, or certificate, or other evidence of indebtedness, issued by a corporation or by a government or political subdivision thereof, with interest coupons or in registered form.↩
4. We note that the Court ordered the parties to file seriatim briefs; however, no brief was filed by petitioner. Respondent's answering brief was therefore filed as brief for respondent. By order dated Dec. 23, 1991, petitioner was permitted to file an answering brief; however, again no brief was filed by petitioner.↩
5. See also Gilmore v. Commissioner, T.C. Memo. 1974-41↩.
6. See also Wilkinson v. Commissioner, T.C. Memo. 1982-429↩.