MILTON SCHWARTZ, DECEASED, NEIL SCHWARTZ, FIDUCIARY AND ADA SCHWARTZ, DECEASED, NEIL SCHWARTZ, FIDUCIARY, Petitioners v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Schwartz
Docket No. 5470-90
United States Tax Court
T.C. Memo 1992-677; 1992 Tax Ct. Memo LEXIS 729; 64 T.C.M. (CCH) 1384; November 25, 1992, Filed *729 Decision will be entered under Rule 155. For Petitioners: Michael I. Saltzman. For Respondent: Steve R. Johnson. WRIGHT
WRIGHT
MEMORANDUM OPINION WRIGHT, Judge: Respondent determined deficiencies in and additions to the Federal income tax of petitioners Milton and Ada Schwartz as follows: Additions To Tax
Year
Deficiency
Sec. 6653(b)(1)
Sec. 6653(b)(2)
Sec. 6661
1979
$ 12,140
$ 6,070
N/A
$   N/A
1980
33,190
16,595
N/A
N/A
1981
46,620
23,310
N/A
N/A
1982
62,054
31,027
[1]
15,398
Alternative to the section 6653(b)(1) and (2) [1] additions to tax for fraud, respondent asserted by answer additions to tax for negligence pursuant to section 6653(a) for each of the taxable years 1979 through 1982. The parties have agreed that petitioner Ada Schwartz is an innocent spouse under section 6013(e) in respect of all the deficiencies and additions to tax at issue. The parties have also agreed *730 that petitioner Milton Schwartz is not liable for the section 6653(b)(1) and (2) additions to tax for fraud for any of the years at issue. After these and other mutual concessions, which will be given effect in the Rule 155 computation, the sole issue remaining for decision is whether petitioner Milton Schwartz is liable for the addition to tax under section 6661 for taxable year 1982. This case was submitted fully stipulated pursuant to Rule 122(a). The stipulation of facts, with accompanying exhibits, are incorporated herein by reference. Prior to their respective deaths in 1988 and 1989, petitioners Milton and Ada Schwartz resided in Englishtown, New Jersey. In 1990, Neil Schwartz, fiduciary, filed the petition in this case on their behalf. At the time he filed this petition, Neil Schwartz resided in Tarpon Springs, *731 Florida. All references to petitioner in the singular refer to petitioner Milton Schwartz, and all references to determinations made against petitioners are to be deemed to include those initially determined against both Milton and Ada Schwartz. During the years at issue, petitioner owned 50 percent of the stock of Namtex Industries, Inc. (Namtex). The other 50 percent of the stock was owned by petitioner's son, Neil Schwartz. Namtex was a subchapter C corporation engaged in the manufacture and sale of textile goods. A portion of the invoices issued to Namtex's customers were issued in the name of N. Schwartz or N.E. Schwartz, rather than in the name of Namtex. These invoices were paid by checks made payable to N. Schwartz or N.E. Schwartz. These checks were then cashed at a bank. Petitioners have substantiated that most of the cash generated as referenced above was used to pay business expenses of Namtex. The total of such substantiated expense payments, however, is less than the total of the cash generated. Neither the above-referenced receipts nor the above-referenced expenses were shown on Namtex's books and returns. Petitioner did not report his 50 percent share of *732 such receipts and expenses on his and Ada Schwartz' Federal income tax returns. The parties have stipulated that petitioner's pro rata share of the unreported receipts was taxable income to him and that his pro rata share of substantiated, unreported cash expenses were deductions allowable to him. The amount of Federal income tax for taxable year 1982 on the difference between this unreported income and allowed deductions is $ 16,583. The parties agree that this entire deficiency is attributable to petitioner's negligence, and, thus, petitioner is liable for the negligence additions to tax pursuant to section 6653(a)(1) and (2). Respondent also determined that this deficiency is subject to the substantial understatement addition to tax pursuant to section 6661. Section 6661 provides for an addition to tax equal to 25 percent of the amount of any underpayment attributable to a substantial understatement except to the extent that a taxpayer has adequately disclosed his or her position or has substantial authority for the tax treatment of an item. In the instant case, petitioners do not dispute that petitioner's 1982 underpayment of tax falls within the literal wording of section *733 6661. They contend instead that the legislative history of section 6661 indicates that Congress did not intend for an understatement of income tax to be simultaneously subject to the section 6653 addition to tax for negligence and the section 6661 addition to tax for a substantial understatement. Respondent contends that we have already addressed this issue in Estate of McClanahan v. Commissioner, 95 T.C. 98 (1990). In Estate of McClanahan, we rejected the taxpayers' argument that the additions to tax under sections 6653 and 6661 are not cumulative. Id. at 106. Unlike the taxpayers in Estate of McClanahan, however, petitioners in the instant case have cited authority to support their position. Again, petitioners contend that the legislative history indicates that Congress did not intend that these two additions to tax be cumulatively applied to the same understatement of income tax. Section 6661 contains no provision precluding the simultaneous assessment of the sections 6661 and 6653 additions to tax. Where a statute is unambiguous, as in the instant case, there was at one time a fairly clear rule foreclosing *734 any inquiry into the legislative purpose of a statute. Huntsberry v. Commissioner, 83 T.C. 742, 747 (1984). After the U.S. Supreme Court's decision in United States v. American Trucking Associations, 310 U.S. 534 (1940), however, there has been a gradual erosion of that rule. Huntsberry v. Commissioner, supra at 747. This Court has followed the lead of the Supreme Court. Huntsberry v. Commissioner, supra; Carasso v. Commissioner, 34 T.C. 1139, 1142 (1960), affd. 292 F.2d 367 (2d Cir. 1961). In United States v. American Trucking Associations, supra at 542-543, the Supreme Court explained a court's function regarding the interpretation of statutory language as follows: In the interpretation of statutes, the function of the courts is easily stated. It is to construe the language so as to give effect to the intent of Congress. * * * There is, of course, no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook *735 to give expression to its wishes. Often these words are sufficient in and of themselves to determine the purpose of the legislation. In such cases, we have followed their plain meaning. When that meaning has lead to absurd or futile results, however, this Court has looked beyond the words to the purpose of the act. Frequently, however, even when the plain meaning did not produce absurd results but merely an unreasonable one "plainly at variance with the policy of the legislation as a whole" this Court has followed that purpose, rather than the literal words. * * * [Fn. refs. omitted.] In statutes levying taxes, the literal meaning of the words employed is most important for interpreting such statutes and is not to be extended by implication beyond the clear import of the language used. Crooks v. Harrelson, 282 U.S. 55, 61 (1930); United States v. Merriam, 263 U.S. 179, 187-188 (1923); Masonite Corp. v. Fly, 194 F.2d 257, 260-261 (5th Cir. 1952). Further, where a statute is clear on its face, we would require unequivocal evidence of legislative purpose before construing the statute *736 so as to override the plain meaning of the words used therein. Huntsberry v. Commissioner, supra at 747-748. To support their contention that Congress did not intend for the sections 6661 and 6653 additions to tax to be assessed simultaneously, petitioners contend that the legislative history unambiguously shows that Congress simply did not contemplate the simultaneous imposition of the sections 6661 and 6653 additions to tax upon the same understatement of income tax. Section 6661 was enacted by the Tax Equity and Fiscal Responsibility Act of 1982 (TEFRA), Pub. L. 97-248, sec. 341, 96 Stat. 324, 635. The legislative history of section 6661 indicates that Congress enacted section 6661 to augment section 6653 in situations where the taxpayers take questionable positions on their tax returns that are sheltered from the negligence and fraud additions to tax by the opinion of a tax adviser: Taxpayers rely on opinions of tax advisors to avoid the possibility of fraud or negligence penalties in taking these highly questionable positions, even though the advisor's opinion may clearly indicate that if the issue is challenged by the Internal Revenue *737 Service, the taxpayer will probably lose the contest. * * * The committee believes, therefore, that taxpayers should be subject to a penalty designed to deter the use of undisclosed questionable reporting positions. * * * [S. Rept. 97-494, at 273 (1982).] Neither committee report [2] accompanying TEFRA explicitly states, however, that the sections 6661 and 6653 additions to tax cannot be simultaneously imposed on the same understatement of income tax. In sum, there is no unequivocal evidence contained within the legislative history accompanying the enactment of section 6661 indicating that Congress intended an interpretation of section 6661 different from the statutory language used within this section. Petitioners also point to the legislative history of the repeal of section 6661 to support their contention. Section 6661 was repealed in 1989 by the Omnibus Budget Reconciliation Act of 1989 (OMBRA), *738 Pub. L. 101-239, sec. 7701, 103 Stat. 2388. OMBRA operated to eliminate the stacking of the accuracy-related additions to tax. [3] To effect such, OMBRA provided that one 20-percent addition to tax would be imposed on the portion of an underpayment attributable to one or more of the following: An understatement attributable to negligence, a substantial understatement, any substantial valuation misstatement, a substantial overstatement of pension liabilities, or a substantial estate or gift tax valuation understatement. Sec. 6662. Petitioners contend that Congress' act of eliminating the potential of overlap among the accuracy-related additions indicates that Congress never intended that the section 6661 addition to tax would reach understatements already subject to the section 6653 addition to tax. The Bill consolidates into one part of the Internal Revenue Code all of the generally applicable penalties relating to the *739 accuracy of tax returns. * * * The bill reorganizes these accuracy penalties into a new structure that operates to eliminate any stacking of the penalties. [H. Conf. Rept. 101-386, at 652 (1989).] The House report accompanying OMBRA does not indicate, however, that Congress coordinated these additions to tax for the purpose of correcting an error in the interpretation and application of present law. The House report provides: The committee believes that the number of different penalties that relate to accuracy of a tax return, as well as the potential for overlapping among many of these penalties, causes confusion among taxpayers and leads to difficulties in administrating these penalties by the IRS. Consequently, the committee has revised these penalties and consolidated them. The committee believes that its changes will significantly improve the fairness, comprehensibility, and administrability of these penalties. [H. Rept. 101-247, at 1388 (1989).] Thus, in coordinating the accuracy-related additions, Congress was primarily concerned with alleviating the attendant consequences of the existence of such a large number of different, and potentially overlapping, additions *740 to tax. That is, Congress was concerned with eliminating confusion among the taxpayers and difficulties in administration encountered by the IRS. These additions to tax were coordinated to improve the fairness, comprehensibility, and administrability of the additions. Contrary to petitioners' contention, nothing contained within the legislative history repealing section 6661 indicates that Congress repealed section 6661 merely to clarify that it never intended for the simultaneous assessment of the sections 6661 and 6653 additions to tax upon the same understatement of income tax. Rather, the enactment of section 6662 effected a change in the law. The structure of section 6661 demonstrates that Congress considered the conjunctive assessment of the section 6661 addition to tax with other additions to tax upon enacting section 6661. In enacting section 6661, Congress provided that the section 6661 addition to tax would not be imposed on that portion of a substantial understatement on which a section 6659 addition is imposed. Sec. 6661(b)(3). Except with respect to section 6659, the statutory language of section 6661 does not preclude the simultaneous assessment of other additions *741 to tax together with those under section 6661. Thus, the fact that Congress was aware of a potential overlap of additions to tax upon enacting section 6661, and provided for situations in which it thought such was inappropriate, yet did not address the coordination of sections 6661 and 6653, is strong evidence that Congress did not intend to preclude the simultaneous assessment of both the sections 6661 and 6653 additions to tax. See Estate of McClanahan v. Commissioner, 95 T.C. 98, 106 (1990). As the Supreme Court enunciated in United States v. American Trucking Associations, 310 U.S. 534, 543 (1940), there is "no more persuasive evidence of the purpose of a statute than the words by which the legislature undertook to give expression to its wishes." Again, this maxim is especially true in interpreting tax statutes. Crooks v. Harrelson, 282 U.S. 55, 61 (1930); United States v. Merriam, 263 U.S. 179, 187-188 (1923); Masonite Corp. v. Fly, 194 F.2d 257, 260-261 (5th Cir. 1952). On its face, section 6661 does not preclude the *742 cumulative assessment of the sections 6661 and 6653 additions to tax. The legislative history surrounding both the enactment and repeal of section 6661 contains no unequivocal evidence that Congress intended to preclude such. Our function is to construe the language of section 6661 to give effect to the intent of Congress. United States v. American Trucking Associations, supra at 543. Given that section 6661 is clear on its face and having found no unequivocal evidence of a contrary congressional intent, we are required to apply the plain meaning of section 6661. Huntsberry v. Commissioner, 83 T.C. 742, 747-748 (1984). We hold that petitioner is liable for the section 6661 addition to tax for taxable year 1982 on his deficiency in income tax in the amount of $ 16,583. To reflect mutual concessions and the foregoing, Decision will be entered under Rule 155. Footnotes
1. Plus 50 percent of the interest due on the amount of the deficiency attributable to fraud.↩
1. Unless otherwise indicated, all section references are to the Internal Revenue Code in effect for the years at issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.↩
2. S. Rept. 97-494, at 273 (1982); H. Conf. Rept. 97-760, at 574 (1982), 1982-2 C.B. 600↩.
3. The House Conference Report accompanying Pub. L. 101-239, 103 Stat. 2388 (1989), provides:↩