**Henry A. WHITMORE, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

No. 93–900–CIV–T–17C.

United States District Court,
M.D. Florida,
Tampa Division.

Sept. 11, 1995.

Henry A. Whitmore, Bradenton, FL, pro se.

Bruce T. Russell, James B. Thompson, Jr., U.S. Dept. of Justice Tax Division, Washington, DC, for U.S.

## ORDER

H. DALE COOK, District Judge, Sitting by Designation.

This matter came before the Court for trial on March 27, 28, 29 and 30, 1995 on plaintiff, Henry Whitmore's claim for a refund of penalties and interest assessed and collected by the United States, through the Internal Revenue Service, for underpayment of taxes. A jury trial was conducted on plaintiff's claim for refund under 26 U.S.C. § 6653 (the civil fraud penalty section) covering underpayment of taxes for tax years 1981, 1982, 1983, and 1984. The jury returned its verdict in favor of Mr. Whitmore finding that his tax underpayment was not a willful attempt to evade taxes, in that Mr. Whitmore had a good faith belief that he had no tax liability for the years in question.

Tried simultaneously, as a separate nonjury issue, was Mr. Whitmore's claim for a refund for penalties and interest collected by the government under 26 U.S.C. § 6661 (the substantial understatement of liability section) of the Internal Revenue Code (IRC.).

The government's assessment of § 6661 penalties was limited to tax years 1982 and 1983. The parties have filed post trial briefs on the § 6661 penalty issue. After consideration of the trial evidence, briefs, and arguments presented, the Court finds as follows.

### I.

In this action the government alleges that Mr. Whitmore was a tax protester who engaged in protesting activities during the years in question. Government claims that Mr. Whitmore deliberately failed to file tax returns from 1981 through 1984, until confronted with the knowledge in 1989 of government's intent to initiate a criminal action against him for tax evasion. Shortly thereafter in 1989, Mr. Whitmore filed his 1981, 1982, 1983 and 1984 tax returns, paying the amount of tax owed as of the original due date for each of the respective years. On March 21, 1990, the IRS issued the § 6212 statutory notice of deficiency under § 6661. On August 13, 1990, the IRS assessed Mr. Whitmore penalties and interest pursuant to § 6661 in the amount of $1,960 for tax year 1982 and $3,323 for tax year 1983.

In 1991, Mr. Whitmore paid the penalties and interest and included these payments in his claim for refund. The Commissioner of the IRS denied Mr. Whitmore's refund request. It is undisputed that Mr. Whitmore's 1982 and 1983 tax returns were delinquent when filed.

Mr. Whitmore claims a refund under § 6661 by asserting that at the time he filed his delinquent returns in 1989 he did not understate his tax liability for 1982 and 1983, thus he should not be assessed a penalty for a "substantial understatement of liability." Under Mr. Whitmore's theory since he did not file any returns in 1982 and 1983, he did not understate his liability.

Relying on *Estate of McClanahan v. Commissioner*, 95 T.C. 98, 1990 WL 102397 (1990), government argues that a "substantial understatement" is shown both by improperly filing an untimely return, and by timely filing an improper return. In *McClanahan*, the taxpayer argued that even though he did not file his delinquent return until after being contacted by an IRS agent, his late filed

return was an "original" return reflecting the proper amount of taxes owned and thus should not be subject to understatement penalties. The taxpayer argued that the purpose of § 6661 was to penalize "wrong positions taken on filed returns that create substantial tax deficiencies", rather than to "late-filed returns." *Id.* at 103. The tax court rejected this interpretation and found in favor of the Commissioner.

## II.

■ It is clear from the evidence adduced at trial that Mr. Whitmore had a sincere and good faith belief that his income and wages from his employer, American Airlines, were not subject to taxes for the years in question. Mr. Whitmore's beliefs were based upon such sources as (1) early Supreme Court opinions which held that taxes on income were not constitutionally authorized, (2) current commentaries and opinions of scholars, lawyers and accountants, (3) journals and periodicals and (4) various lectures which Mr. Whitmore relied in forming his personal beliefs. Mr. Whitmore did not file returns in 1982 and 1983 because of a misguided belief that he would waive his right to petition the government for redress of a grievance that taxes on wages are unconstitutional.

Government argued at trial that Mr. Whitmore knew and understood his tax obligation but deliberately failed to file returns as a means of protest and as a deliberate act of tax evasion.

■ The Court finds that the trial evidence clearly supports the jury verdict negating government's claim that Mr. Whitmore fraudulently and intentionally evaded paying taxes. However, a different inquiry is raised for the Court's consideration of the § 6661 penalty assessed by the Commissioner. Unlike a § 6653 penalty which requires a showing of wilfulness and fraudulent intent, a § 6661 penalty is in the nature of a "no-fault" penalty for understatement of taxes due and owing, in that it applies even where the taxpayer can demonstrate the absence of fraud or negligence. An inquiry under § 6661 involves a determination of the reasonableness of the taxpayer's conduct. *See, McClanahan,* 95 T.C. at 6, Fn. 3.

## III.

Section 6661 imposes a penalty of twenty-five percent of the amount of any underpayment attributed to a substantial understatement of income for any taxable year. I.R.C. § 6661 (repealed 1989). An understatement is the difference between the tax that should have been shown on the return and the tax that was shown on the return. I.R.C. § 6661(b)(2). An understatement is "substantial" if it exceeds the greater of ten percent of the tax required to be shown on the return or $5,000. *Id.* § 6661(b)(1)(A). The parties do not dispute the accuracy of the amount of the penalty and interest assessed, rather the dispute centers on whether the assessment under § 6661 was lawfully imposed.

The penalty can be reduced or eliminated if the taxpayer can show, (1) he had "substantial authority" for his treatment of any item (I.R.C. § 6661(b)(2)(B)(i)); or (2) the facts affecting the tax treatment of the item were "adequately disclosed" in the return (I.R.C. § 6662(d)(2)(B)(ii)).

"Substantial authority" includes, applicable provisions of the IRC and other statutory provisions; temporary and final regulations construing such statutes; court cases; administrative pronouncements (including revenue rulings and revenue procedures); tax treaties and regulations thereunder, and Treasury Department and other official explanations of such treaties; and congressional intent as reflected in committee reports, joint explanatory statements of managers included in conference committee reports, and floor statements made prior to enactment by one of the bill's managers. Treas.Reg. § 1.6661–3(b)(2). Recognized "authority" does not include conclusions reached in treatises, legal periodicals, and opinions rendered by tax professionals. Treas.Reg. § 1.6661–3(b)(2).

In considering whether the authority relied upon is "substantial," generally the weight of authorities supporting the requested tax treatment will be viewed in relation to the weight of authorities supporting a contrary tax treatment. Treas.Reg. § 1.6661–

3(b)(1). Also, in order to avoid or reduce liability under § 6661, the taxpayer should attach a copy of the "substantial authority" upon which he relies to justify his tax position. Treas.Reg. § 1.661–3(b)(2). In this instance Mr. Whitmore failed to make any showing on his filed returns of the "substantial authority" upon which he was relying.

### IV.

 Section 6661(c) provides that the IRS may waive any part of the substantial understatement penalty on a showing of reasonable cause and good faith by the taxpayer. The decision whether to waive the penalty lies within the discretion· of the Commissioner, and a denial of the waiver will be set aside only where it is shown that the Commissioner abused that discretion. *Karr v. Commissioner*, 924 F.2d 1018, 1026 (11th Cir.1991). The IRS by regulation has outlined the factors it uses in determining whether to waive the substantial understatement penalty. Among those factors are:

> [T]he extent of the taxpayer's effort to assess the taxpayer's proper tax liability under the law ... [C]ircumstances that may indicate reasonable cause and good faith include an honest misunderstanding of fact or law that is reasonable in light of the experience, knowledge, and education of the taxpayer ... Reliance on ... the advice of a professional (such as an appraiser, an attorney, or an accountant) would not necessarily constitute a showing of reasonable cause and good faith. Similarly, reliance on the facts that, unknown to the taxpayer, are incorrect would not necessarily constitute a showing of reasonable cause and good faith.

Treas.Reg. § 1.6661–6(b).

Unlike the § 6653 fraud penalty (where the taxpayer's subjective beliefs are controlling), under a § 6661 understatement penalty, the taxpayer's honest belief that he is relying on substantial authority, is not taken into account in determining whether such source qualifies as the required exonerating "substantial authority" under the IRC. According to the regulations, the substantial authority must exist as of the time the taxpayer's return was filed or ... "on the last day of the taxable year to which the return relates." Treas.Reg. 1.6661–3(b)(4)(iii).

### V.

The Court finds that Mr. Whitmore had a sincere and honest belief that his wages, were not subject to taxation under the Constitution. Mr. Whitmore arrived at this conclusion through study, research, and deliberation. However, regardless of the sincerity of Mr. Whitmore's views, certainly his conclusions are contrary to current well settled American jurisprudence. Although early Supreme Court opinions support Mr. Whitmore's beliefs, current law clearly negates the legality of pursuing those beliefs by failing to file annual returns.

Accordingly, it is the judgment of the Court, that the Commission did not abuse its discretion in denying Mr. Whitmore's claim for refund under § 6661. Mr. Whitmore ultimately decided to file delinquent returns when faced with criminal prosecution (thereby understating his tax liability). Mr. Whitmore's beliefs at that time, although founded in good faith, had no validity under contemporary law. It is therefore the order of the Court that plaintiff's "Motion For Judgment Refunding Substantial Understatement of Liability" assessed pursuant to IRC § 6661, is hereby DENIED.

IT IS SO ORDERED.